UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEANNA LETRAY,

                                                Plaintiff,

                                                                               5:20-CV-1194
v.                                                                              (GLS/TWD)

WATERTOWN POLICE, JEFFERSON COUNTY
SHERRIFS,

                                              Defendants.
_____

APPEARANCES:

DeAnna LeTray
Plaintiff, *pro se*
22606 Ridgeview Road
Watertown, New York 13601

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

     DeAnna LeTray ("Plaintiff") filed an action against the City of Watertown and Jefferson County[1] (collectively, "Defendants") alleging Defendants violated her constitutional rights. (Dkt. No. 1.) Currently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 3.) As noted herein, the Court grants Plaintiff's IFP Application, necessitating further review relative to whether the pleading meets 28 U.S.C. § 1915(e)'s sufficiency standards. For the reasons discussed below, the Court finds Plaintiff's complaint

---

[1] In her complaint, Plaintiff named the "Watertown Police" and "Jefferson County Sherriffs" as the defendants, however, in deference to Plaintiff's *pro se* status, the Court construes her action as against the City of Watertown and Jefferson County for the purpose of this initial review.

fails to state a claim for which relief can be granted and, therefore, recommends Plaintiff's complaint be dismissed with leave to replead.

## I.     IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP Application, the Court finds she meets this standard.  Therefore, Plaintiff's IFP Application (Dkt. No. 3) is granted.[2]

## II.    SUFFICIENCY OF THE COMPLAINT

### A.    Standard of Review

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable

---

[2]  Plaintiff should note that, although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**B.    Summary of the Complaint**

Plaintiff's complaint is on the Court's Civil Rights Complaint Form. (Dkt. No. 1.) She asserts broadly that, on September 28, 2017, Watertown police officers violated her civil rights and discriminated against her for being transgender. *Id*. at 2. To that end, Plaintiff appended a formal statement she apparently provided to Watertown Police. *Id*. at 5-12. In that statement,

Plaintiff describes the relevant facts related to her action. Specifically, Plaintiff notes that after an altercation with another individual, Officer White detained Plaintiff. *Id*. at 7. Thereafter, Officer Cummings started yelling at her. *Id*. Plaintiff states she told him her name but said her "legal name" was Anthony Campanaro.[3] *Id*. Plaintiff notes she told Officer Cummings she is transgender. *Id*. Plaintiff alleges she thought Officer Cummings was arresting her because of the way she dressed. *Id*. at 8. When Plaintiff asked Officers Cummings why she was arrested, he allegedly replied that it was because she had "mental problems" because she is "a guy dressed like a woman." *Id*. Plaintiff was then taken to the police station.

At the station, Plaintiff refused to take a mug shot because she did not want to have to remove her wig or take the photo with her make-up on. *Id*. at 9. After she refused, Plaintiff alleges she was trying to fix her hair when Officer Cummings attacked her, yanked at her hair, and "hogtied" her. *Id*. Plaintiff was then taken to the Jefferson County Jail. *Id*.

At the jail, Plaintiff was subject to a full body cavity search. *Id*. at 10. Plaintiff asserts an unnamed corrections officer "sexually abused" her and stuck his fingers into her anus. *Id*. Plaintiff also asserts this officer grabbed at her genitals. *Id*. Plaintiff was then taken to a jail cell and stayed overnight. *Id*.

Based on these facts, the Court construes Plaintiff's action as raising excessive force, false arrest, and illegal search claims.

**C.     Analysis**

As recounted above, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging claims sounding in false arrest, excessive force, and illegal search. (Dkt. No. 1.) As a

---

[3] The Court notes Plaintiff cannot bring this action in her preferred name but must caption the action using her legal name. However, Plaintiff is advised that she may use the designation A.K.A. to denote that she is also known as DeAnna LeTray.

general matter, section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). "Section 1983 'is not itself a source of substantive rights[,]' . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 (1979)). To state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

However, in her complaint, Plaintiff has only named the City of Watertown and Jefferson County as Defendants. While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of respondeat superior. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). To sustain a section 1983 claim for municipal liability, a plaintiff must show that he suffered a constitutional violation, and the violation resulted from an identified municipal policy or custom. *Monell*, 436 U.S. at 694-695.

An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent it amounts to deliberate indifference to the rights of

5

those who come in contact with the municipal employees.  *Dorsett–Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell*, 436 U.S. at 690-91). "Custom denotes persistent and widespread practices, and thus proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ."  *Ahern v. City of Syracuse*, 411 F. Supp. 2d 132, 139 (N.D.N.Y. 2006) (punctuation and citation omitted).

Plaintiff does not articulate an independent basis to hold the City of Watertown or Jefferson County liable in her complaint.  Rather, her claims are all related to various individual's actions including her arrest, her subsequent booking, and intake into the Jefferson County Jail.  Thus, because Plaintiff does not appear to be asserting an independent claim against the City of Watertown or Jefferson County, the Court recommends the complaint be dismissed with leave to replead.[4]

### III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but recommends her complaint be dismissed with leave to replead.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 3) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

---

[4] In any potential amended complaint Plaintiff may name additional defendants including, but not limited to, the individuals who participated in her arrest, booking, and search.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 25, 2020
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

[5]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).