UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEANNA LETRAY,

                Plaintiff,

v.

JEFFERSON COUNTY; CITY OF WATERTOWN;
COLLEEN O'NEILL, JEFFERSON COUNTY SHERIFF;
KRISTOPHER M. SPENCER; JOEL DETTMER; CHARLES
DONOGHUE, CITY OF WATERTOWN POLICE CHIEF;
GEORGE CUMMINGS; SAMUEL WHITE; VIRGINIA
KELLY; AND JOHN DOES 1-4,

                Respondents.

**ANSWER TO SECOND AMENDED COMPLAINT**

Civil Action No. 20-cv-1194

Defendants The City of Watertown, Charles Donoghue, George Cummings, Samuel White, and Virginia Kelly, by their attorneys Bond, Schoeneck & King, PLLC, answer the complaint as follows:

1. With respect to paragraph 1, ADMIT that the Plaintiff makes the allegations summarized in said paragraph throughout the complaint, but DENY those allegations insofar as they relate to the Answering Defendants.

2. DENY the allegations in paragraph 2.

3. With respect to paragraph 3, ADMIT that the Plaintiff alleges mistreatment, discrimination, and abuse, but DENY that the Answering Defendants mistreated, discriminated, or abused the Plaintiff and DENY that she is entitled to any relief in this action.

4. ADMIT the allegations in paragraph 4.

5. ADMIT the allegations in paragraph 5.

6. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. ADMIT the allegations in paragraph 7.

8. ADMIT the allegations in paragraph 8.

9. With respect to paragraph 9, ADMIT that the Defendant Colleen O'Neill is the Sheriff of Jefferson County and an elected official, and DENY knowledge or information sufficient to form a belief as to the truth of any other allegations in said paragraph.

10. With respect to paragraph 10, ADMIT that the Defendant Kristopher M. Spencer was an employee of Jefferson County, and DENY knowledge or information sufficient to form a belief as to the truth of any other allegations in said paragraph.

11. With respect to paragraph 11, ADMIT that the Defendant Joel Dettmer was a corrections officer employed by Jefferson County, and DENY knowledge or information sufficient to form a belief as to the truth of any other allegations in said paragraph.

12. With respect to paragraph 12, ADMIT that Deborah Davis was a corrections officer employed by Jefferson County, and DENY any other allegations in said paragraph.

13. With respect to paragraph 13, ADMIT that Patrick Larkins was a corrections officer employed by Jefferson County, and DENY any other allegations in said paragraph.

14. With respect to paragraph 14, ADMIT that the Defendant Charles Donoghue is the Chief of Police of the City of Watertown, and DENY any other allegations in said paragraph.

15. ADMIT the allegations in paragraph 15.

16. ADMIT the allegations in paragraph 16.

17. ADMIT the allegations in paragraph 17.

18. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19

20. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. DENY the allegations in paragraph 21.

22. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. DENY the allegations in paragraph 27.

28. DENY the allegations in paragraph 28.

29. DENY the allegations in paragraph 29.

30. With respect to paragraph 30, ADMIT that Plaintiff was arrested on September 28, 2017 and charged with criminal mischief, obstruction of governmental administration, and possession of a controlled substance and ADMIT that Plaintiff pled guilty to violations in connection to the charges, and DENY any other allegations in said paragraph.

31. With respect to paragraph 31, ADMIT that Plaintiff was searched and transported in a police car, and DENY any other allegations in said paragraph.

32. With respect to paragraph 32, ADMIT that while processing Plaintiff following the arrest, officers inquired as to whether Plaintiff was wearing a wig and that Plaintiff repeatedly denied that Plaintiff was wearing a wig, and that Plaintiff became uncooperative when instructed to remove the wig, and DENY any other allegations in said paragraph.

33. DENY the allegations in paragraph 33.

34. DENY the allegations in paragraph 34.

35. With respect to paragraph 35, ADMIT that while being escorted to a holding cell, Plaintiff grabbed an item from a table, and that Plaintiff was directed to go to the ground, and was handcuffed, and DENY any other allegations in said paragraph.

36. DENY the allegations in paragraph 36.

37. With respect to paragraph 37, ADMIT that Plaintiff was crying during portions of the time being processed after arrest, and DENY knowledge or information sufficient to form a belief as to the truth of any other allegations in said paragraph.

38. DENY the allegations in paragraph 38.

39. With respect to paragraph 39, state that the arrest records speak for themselves, and refer the Court to the records for their contents and DENY any other allegations in said paragraph.

40. With respect to paragraph 40, ADMIT that arrest photos including that of Plaintiff may be disclosed to the public upon request, and further state that there is no record that Plaintiff's photograph was made available to the public and DENY any other allegations in said paragraph.

41. DENY the allegations in paragraph 41.

42. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

13241646.1 10/25/2021

43. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except DENY them insofar as they relate to Defendant Cummings.

45. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. DENY the allegations in paragraph 48.

49. DENY the allegations in paragraph 49.

50. DENY the allegations in paragraph 50.

51. With respect to paragraph 51, ADMIT that Plaintiff was placed in a booking cell pending arraignment, and DENY knowledge or information sufficient to form a belief as to the truth of any other allegations in said paragraph.

52. ADMIT the allegations in paragraph 52.

53. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except DENY them insofar as the relate to the Answering Defendants.

54. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, except DENY them insofar as they relate to the Answering Defendants.

55. With respect to paragraph 55, ADMIT that Plaintiff submitted a complaint to the New York State Division of Human Rights, and that said complaint was dismissed for lack of jurisdiction, and that the Appellate Division Fourth Department affirmed that dismissal, and DENY any other allegations in said paragraph.

56. With respect to paragraph 56, ADMIT Plaintiff filed a *pro se* Complaint on September 28, 2020 with this Court, and state that said Complaint speaks for itself and that the decisions of this Court speak for themselves.

57. ADMIT the allegations in paragraph 57.

58. ADMIT the allegations in paragraph 58.

59. DENY the allegations in paragraph 59.

60. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, except DENY them insofar as they relate to the Answering Defendants.

61. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, except DENY them insofar as they relate to the Answering Defendants.

62. ADMIT the allegations in paragraph 62.

63. DENY the allegations in paragraph 63.

64. With respect to paragraph 64, state that the policies of Jefferson County speak for themselves, and refer the Court to the policies for their provisions, and DENY any other allegations in said paragraph.

65. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except DENY them insofar as they relate to the Answering Defendants.

66. With respect to paragraph 66, state that the statute and its implementing regulations speaks for itself, and refer the Court to the statute for its provisions, and DENY any other allegations in said paragraph.

67. With respect to paragraph 67, ADMIT that Defendants are aware of the PREA, and DENY any other allegations in said paragraph.

68. DENY the allegations in paragraph 68.

69. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70. DENY the allegations in paragraph 70.

71. DENY the allegations in paragraph 71.

72. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, except DENY them insofar as they relate to the Answering Defendants.

73. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. DENY the allegations in paragraph 76.

77. DENY the allegations in paragraph 77.

78. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. DENY the allegations in paragraph 84.

85. DENY the allegations in paragraph 85.

86. DENY the allegations in paragraph 86.

87. DENY the allegations in paragraph 87.

88. DENY the allegations in paragraph 88.

89. DENY the allegations in paragraph 89.

90. DENY knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. DENY the allegations in paragraph 91.

92. DENY the allegations in paragraph 92.

93. DENY the allegations in paragraph 93.

94. DENY the allegations in paragraph 94.

95. DENY the allegations in paragraph 95.

96. DENY the allegations in paragraph 96.

97. DENY the allegations in paragraph 97.

98. DENY the allegations in paragraph 98.

99. DENY the allegations in paragraph 99.

100. DENY the allegations in paragraph 100.

101. DENY the allegations in paragraph 101.

102. DENY the allegations in paragraph 102.

103. DENY the allegations in paragraph 103.

104. DENY the allegations in paragraph 104.

105. DENY the allegations in paragraph 105.

106. DENY the allegations in paragraph 106.

107. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

## FIRST AFFIRMATIVE DEFENSE

108. The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

109. The claims set forth in the Complaint are barred under the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

110. At all times the Answering Defendants acted in good faith and are entitled to absolute or qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

111. Plaintiff has failed to allege a sufficient deprivation of constitutional rights by the Answering Defendants to give rise to a colorable claim under 42 U.S.C. § 1983. Any injuries that were incurred by the Plaintiff were incurred as a result of Plaintiff's own culpable conduct in committing offenses that lead to the arrest, and failing to cooperate with reasonable directions in connection with the processing of the Plaintiff following the arrest.

### FIFTH AFFIRMATIVE DEFENSE

112. Plaintiff has failed to allege an unlawful policy of the City of Watertown and any violation of Section 1983 is not attributable to the City of Watertown.

### SIXTH AFFIRMATIVE DEFENSE

113. Upon information and belief, Plaintiff has failed to comply with this Court's order granting leave to replead.

WHEREFORE, Defendants City of Watertown, Charles Donoghue, George Cummings, Samuel White, and Virginia Kelly respectfully demand judgment dismissing the Complaint, awarding costs and disbursements and such other and further relief as is just and proper.

Dated: October 25, 2021                              BOND, SCHOENECK & KING, PLLC

By: _____
Jonathan B. Fellows, Esq.
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

E-mail: fellowj@bsk.com
*Attorneys for Defendants City of Watertown, Charles Donoghue, George Cummings, Samuel White, and Virginia Kelly*

TO: **LEGAL SERVICES OF CENTRAL NEW YORK, INC.**
Joshua Cotter (518217)
Seth Buchman (601252)
Samuel C. Young. (508916)
Attorneys for the Plaintiff
221 South Warren Street, 3rd Fl.
Syracuse, New York 13202
(315)-703-6500
jcotter@lscny.org

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**
Robert Hodgson (518468)
Jessica Perry*
Molly K. Biklen (515729)
Attorneys for the Plaintiff
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
rhodgson@nyclu.org
**admission to the N.D.N.Y. pending*