**BARCLAY DAMON**LLP

**Kayla A. Arias**
*Associate*

April 26, 2022

**VIA ECF FILING**

Hon. Magistrate Judge Therese Wiley Dancks
US District Court
Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, New York 13261

      Re:    LeTray v. Jefferson County, et al.
                 20-cv-1194

Dear Magistrate Judge Dancks:

      Barclay Damon LLP represents defendants, Jefferson County, et al. (the "County Defendants"), in the above-referenced matter. This letter is to request a conference with the Court as it relates to a dispute over whether Plaintiff will participate in an IME by Defendant's expert.

      On March 3, 2022 I reached out to Counsel for the Plaintiff to determine whether Plaintiff would willingly submit to an IME, in the form of a mental health examination, so as to avoid Rule 35 motion practice. On March 7, 2022, I followed up with Plaintiff's counsel as it relates to that request. On March 11, 2022, Plaintiff's counsel responded that at this time Plaintiff was not prepared to consent to a mental health examination, and requested "who the defendants propose should perform the examination; the scope of the examination; the topic of the examination; any tests that will be performed on Ms. LeTray as a part of the examination; and why the mental health information sought cannot be obtained through less intrusive means." Plaintiff's counsel indicated that following that information, they would further discuss with their client whether consent would be given to an independent mental health examination.

      On April 18, 2022, I provided Plaintiff's Counsel with the requested information, noting that the only damages claimed by Plainitff, aside from injunctive relief are "severe anxiety, depression, post-traumatic stress, and panic attacks," and go beyond a garden variety mental health claim, and again asked whether Plaintiff would submit to the IME. On April 20, 2022, I provided Plaintiff's counsel with the date and time, location, and anticipated length of the examination by Defendant's expert to take place on April 27, 2022, so that an expert report could be prepared by the Court-ordered deadline of May 18, 2022. However, on April 21, 2022, Plaintiff's counsel indicated that Plaintiff was not willing to consent to the IME without additional information,

Hon. Magistrate Judge Therese Wiley Dancks
April 26, 2022
Page 2

including Defendants' expert's CV, and an agreement that Defendant's expert would not question Plaintiff as it relates to her gender or past diagnosis of gender dysphoria.

I immediately provided the CV and noted that Plaintiff had served an expert report setting out "opinions and conclusions, including (i) *scientific information regarding gender dysphoria and its impact on the health and well-being of individuals living with this condition; (ii) information regarding best practices and the generally accepted standards of care for individuals with gender dysphoria*; and (iii) the results of [Plaintiff's expert's] evaluation of Ms. LeTray and the impact of the events that occurred on September 28, 2017, in Jefferson County." As such, it is Defendant's position that its expert should be allowed to question Plaintiff concerning her past diagnoses, which will necessarily involve questions concerning her gender.

On April 22, 2022, Plaintiff's Counsel responded that it would not consent to the IME because Plaintiff believes that the "good cause" standard has not been met and because Defendant's expert is unqualified. Attached for the Court's review our Plaintiff and Defendant's good faith email exchanges on this issue.

For these reasons, Defendants' respectfully request a conference with the Court to resolve this dispute.

Thank you for Your Honor's consideration of this request.

    Respectfully Submitted,

    */s/ Kayla A. Arias*

    Kayla A. Arias

KAA:ka
**cc: All Counsel of Record VIA ECF**

# Arias, Kayla A.

| | |
|---|---|
| **From:** | Bobby Hodgson <RHodgson@nyclu.org> |
| **Sent:** | Friday, April 22, 2022 4:45 PM |
| **To:** | Arias, Kayla A.; Josh Cotter |
| **Cc:** | 'Fellows, Jonathan'; Veronica Salama; Bennett, Teresa M. |
| **Subject:** | Re: LeTray v Jefferson Co. - IME 4/27 at 10 am |

Kayla,

We cannot consent to the IME that you've described in your email, and we are particularly concerned with your description of the scope of Dr. Jattana's proposed examination regarding Ms. LeTray's gender identity. Your articulation of the standard for justifying an IME (broadly stating "our expert has the right to examine the Plaintiff as it relates to her mental condition which she has placed in controversy") is inaccurate, because of course it is a defendant's burden to show more than mere relevance to establish "good cause" to compel an IME. S*ee, e.g.*, **Schlagenhauf v. Holder,** 379 U.S. 104, 121 (1964) (urging a "discriminating application" of these "limitations prescribed by [Rule 35]"; *see also Conforti v. St. Joseph's Healthcare Sys., Inc.*, No. 217CV00050CCCCLW, 2020 WL 365100, at *3 (D.N.J. Jan. 22, 2020) (denying motion to compel IME of transgender plaintiff because, "[e]ven if Plaintiff had placed his depression, anxiety, or gender dysphoria in controversy here, Defendants' Rule 35 application still fails for lack of good cause" in "light of the comprehensive discovery available to Defendants" through other means).

We recognize that Ms. LeTray's allegations regarding PTSD, anxiety, and depression are relevant to her current claims of ongoing harm, and while we don't believe that you've demonstrated the requisite "good cause" to compel an IME on those issues (particularly in light of the availability of many other alternative means of discovery for you to explore those issues, including her full medical records, her own deposition, possible depositions of her providers and/or Dr. Ettner, etc.), we were willing to consider a version of your proposal limited in scope to address those issues as a show of good faith and cooperation.

However, under your theory of why Ms. LeTray's gender identity may be the subject of a compelled IME, any transgender person alleging discrimination based on their gender identity would de facto be required to submit to an invasive examination that has the potential to have adverse effects on their mental health. We don't believe the "good cause" standard allows for such a sweeping interpretation of your entitlement to an IME and would urge you to reconsider the alternative means of discovery available to obtain the information you seek. If it is Defendants' intention to somehow argue that Ms. LeTray is not a transgender woman they have much less intrusive means of gathering information. Defendants are in possession of medical records detailing her past diagnosis of gender dysphoria. Defendants could also depose Ms. LeTray's therapist, Dr. Ettner, or the physician who diagnosed her with gender dysphoria.  Finally, during Ms. LeTray's deposition Defendants already had the opportunity to ask her questions about her diagnosis of gender dysphoria and gender identity, which you did.

In addition, after reviewing Dr. Jattana's CV, it is not clear to us that he is qualified to question Ms. LeTray's past diagnosis of gender dysphoria or her identity as a transgender woman.  (Nothing in those materials suggests he has ever treated a transgender person, diagnosed anyone with gender dysphoria, or is familiar with the standards for diagnosing someone with gender dysphoria.)

For these reasons Ms. LeTray will not consent to the IME Defendants propose.

**To the extent you plan to move the Court to compel an IME, we request that you note the Plaintiff's position by including this email in any pre-motion letter. If you intend to file a motion to compel, we are open to an agreed-upon expedited briefing schedule that moves more quickly than the default motion schedule (in light of the Court's May 18**

deadline) and suggest that 7 days for the Plaintiffs' opposition is reasonable.  We're happy to discuss any of the above further by phone.

**Bobby Hodgson**  |  *Supervising Attorney*
**New York Civil Liberties Union**
*Pronouns: he, him, his*
125 Broad Street, 19th Floor
New York, NY 10004
Tel:  (212) 607-3317
Fax: (212) 607-3318

www.nyclu.org



*This e-mail message is intended only for the named recipient above, and may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.*

---

**From:** Arias, Kayla A. <KArias@barclaydamon.com>
**Sent:** Friday, April 22, 2022 4:06 PM
**To:** Josh Cotter <jcotter@lscny.org>
**Cc:** 'Fellows, Jonathan' <fellowj@bsk.com>; Veronica Salama <vsalama@nyclu.org>; Bobby Hodgson <RHodgson@nyclu.org>; Bennett, Teresa M. <TBennett@barclaydamon.com>
**Subject:** RE: LeTray v Jefferson Co. - IME 4/27 at 10 am

Josh

Please see below the confirmation details for the IME scheduled on Wednesday. Please do advise immediately if your Client will not attend, so that I can make the appropriate request for a telephone conference with the Court to resolve this issue.

Plaintiff: Deanna Letray
Expert: Gagandeep Jattana, M.D., Psychiatry
Service Date: 4/27/2022 at 10:00 AM
Location: Hilton Garden Inn Watertown/Thousand Islands, 1290 Arsenal Street, Watertown, NY  13601

Have a good weekend.

---

**From:** Arias, Kayla A.
**Sent:** Thursday, April 21, 2022 9:38 PM
**To:** Josh Cotter <jcotter@lscny.org>
**Cc:** 'Fellows, Jonathan' <fellowj@bsk.com>; 'Veronica Salama' <vsalama@nyclu.org>; 'Bobby Hodgson' <RHodgson@nyclu.org>; Bennett, Teresa M. <TBennett@barclaydamon.com>
**Subject:** RE: LeTray v Jefferson Co. - IME 4/27 at 10 am

Josh,

Attached is Dr. Jattana's CV. The examination will be a psychological evaluation, there will be no physical testing.

Unfortunately, we cannot agree that Dr. Jattana is prohibited from questioning Plaintiff as it relates to her gender or past diagnosis of gender dysphoria.

Plaintiff has submitted an expert report setting out "opinions and conclusions, including (i) *scientific information regarding gender dysphoria and its impact on the health and well-being of individuals living with this condition; (ii) information regarding best practices and the generally accepted standards of care for individuals with gender dysphoria*; and (iii) the results of [Plaintiff's expert's] evaluation of Ms. LeTray and the impact of the events that occurred on September 28, 2017, in Jefferson County."

Our expert has a right to examine Plainitff as it relates to her mental condition which she has placed in controversy, and to examine Plaintiff so as to form his own opinions on her past diagnosis of gender dysphoria, which will necessarily involve questions concerning her gender.

Please let me know by end of day tomorrow whether Plaintiff will submit. The Court has already ordered: "defendants' expert disclosure, *which includes the time to conduct an IME of plaintiff*, is due 5/18/2022." Dkt. 84.

If we cannot agree to the scope of the IME, I will need to request a conference with the Court as early as possible to ensure the IME is conducted timely.

Thanks.

---

**From:** Josh Cotter <jcotter@lscny.org>
**Sent:** Thursday, April 21, 2022 8:52 PM
**To:** Arias, Kayla A. <KArias@barclaydamon.com>
**Cc:** 'Fellows, Jonathan' <fellowj@bsk.com>; 'Veronica Salama' <vsalama@nyclu.org>; 'Bobby Hodgson' <RHodgson@nyclu.org>; Bennett, Teresa M. <TBennett@barclaydamon.com>
**Subject:** Re: LeTray v Jefferson Co. - IME 4/27 at 10 am

Kayla--

At this time Ms. LeTray is not willing to consent to sit for an IME without knowing more information. Will the scope of the IME be limited to what you have outlined in your e-mail i.e. Ms. LeTray's allegation that as a result of the incident she currently suffers from anxiety, depression, and post-traumatic stress? Ms. LeTray will not consent to the evaluation if Dr. Jattana plans to question her gender or past diagnosis of gender dysphoria. What tests or diagnostic tools will Dr. Jatanna use for the IME? Finally, please provide us with Dr. Jatanna's current CV or other documents sufficient to establish his qualifications to perform the examination. Once we have this information, we will promptly let you know whether Ms. LeTray will consent to sit for an IME.

Thanks,

Josh

---

**From:** Josh Cotter <jcotter@lscny.org>
**Sent:** Thursday, April 21, 2022 8:19 AM
**To:** Arias, Kayla A. <KArias@barclaydamon.com>

3

**Cc:** 'Fellows, Jonathan' <fellowj@bsk.com>; 'Veronica Salama' <vsalama@nyclu.org>; 'Bobby Hodgson' <RHodgson@nyclu.org>; Bennett, Teresa M. <TBennett@barclaydamon.com>
**Subject:** Re: LeTray v Jefferson Co. - IME 4/27 at 10 am

Thanks, Kayla. We will discuss this today and get back to you.

Josh

---

**From:** Arias, Kayla A. <KArias@barclaydamon.com>
**Sent:** Wednesday, April 20, 2022 2:13 PM
**To:** Josh Cotter <jcotter@lscny.org>
**Cc:** 'Fellows, Jonathan' <fellowj@bsk.com>; 'Veronica Salama' <vsalama@nyclu.org>; 'Bobby Hodgson' <RHodgson@nyclu.org>; Bennett, Teresa M. <TBennett@barclaydamon.com>
**Subject:** LeTray v Jefferson Co. - IME 4/27 at 10 am

Josh,

Our expert Gagandeep Jattana MBBS, MD, is available to conduct Plaintiff's IME on April 27th at 10 am in Watertown, New York. Dr. Jattana expects the examination to take 2-3 hours. We are still confirming the location and will provide that once confirmed.

Please confirm as soon as possible whether your client will appear and participate in the examination on that date.

Thank you.

## Kayla A. Arias

Pronouns: she/her/hers
Associate

**BARCLAY DAMON** LLP

Barclay Damon Tower • 125 East Jefferson Street • Syracuse, NY 13202
D: (315) 413-7227 • F: (315) 703-7306 • C: (315) 345-8250
E: KArias@barclaydamon.com

**www.barclaydamon.com • vCard • Profile**

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.