United States District Court

For The Northern District of New York

PLAINTIFF'S DEPOSITION DESIGNATIONS

Case No.: 20-CV-01194

Date: June 10, 2024

Presiding Judge: Hon. Frederick J. Scullin

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| Joel Dettmer | 12/10/2021 | 15:2-5 | | | 14:25-15:11 | |
| | | 17:11-20 | | | 17: 3-24 | |
| | | 18:17-20 | | | 18:12-23 | |
| | | 40:8-20 | | | | |
| | | 45:17-21 | Object | This testimony is relevant because it shows Defendant Dettmer's understanding of Jefferson County's search policies at the time of the incident. | | |
| | | 49:19-50:8 | | | | |
| | | 51:2-52:24 | | | 52:21-25 | |
| | | 57:12-14 | | | | |
| | | 59:7-13 | | | | |

1

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| Kristopher Spencer | 12/17/2021 | 10:18-22 | | | | |
| | | 12:19-13:7 | | | | |
| | | 20:9-12 | | | | |
| | | 25:18-28:5 | | | 26:14-21 | |
| | | 26:4-27:2 | | | 26:14-21 | |
| | | 27:14-20 | | | | |
| | | 30:21-31:8 | Relevance | This testimony is relevant because it provides context for where Ms. LeTray was held at the Jail on the night of the incident. | | |
| | | 36:6-37:2 | | | 36:20-37:2 | |
| | | 38:25-39:14 | | | 39:8-12 | |
| | | 48:11-51:9 | | | 48:15-49:12 | |
| | | 53:7-55:14 | | | 53:7-23 | |
| Colleen O'Neill | 12/17/2021 | 19:12-23 | | | | |
| | | 28:3-5 | | | | |
| | | 29:22-30:9 | | | 29:22-30:6 | |
| | | 31:17-32:15 | | | 31:17-21 | |
| | | 36:18-37:18 | | | 36:25-37:18 | |
| | | 39:14-41:20 | | | 39:24-40:2 | |
| | | 48:15-18 | | | | |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | 49:10-13 | | | | |
| Charles Donoghue | 11/16/2021 | 4:11-12 | | | | |
| | | 17:5-11 | | | | |
| | | 20:16-22:24 | | | | |
| | | 24:2-3 | | | | |
| | | 26:12-14 | | | | |
| | | 33:14-25 | | | | |
| | | 39:18-40:21 | Relevance | This testimony is relevant because it shows the Watertown Police Department does not track complaints made against their officers. | | |
| | | 47:13-22 | | | | |
| | | 53:12-55:18 | Relevance after 53:15 | The testimony is relevant because it shows that at the time of the incident the Watertown Police Department did not have any policies addressing the treatment of transgender individuals. It is also relevant because it shows that it was feasible for the Watertown Police | | |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | | | Department to have such policies in place. | | |
| | | 56:6-10 | | | 56:11-20 | 56:22-57:3 |
| | | 56:22-60:12 | | | | |
| | | 63:7-24 | | | | |
| | | 64:22 –65:12 | | | 63:13-23 | 63:24 |
| | | 67:4-9 | | | 67:10-70:8 | |
| | | 85:12-17 | | | | |
| | | 104:12-105:7 | | | | |
| | | 116:4-7 | Relevance | This testimony is relevant because it shows the Watertown Police Department's continued indifference to the rights of transgender people. | | |
| | | 118:22-119:9 | | | | |
| | | 121:3-9 | | | | |
| George Cummings | 12/9/2021 | 6:11-17 | | | | |
| | | 20:2-10 | | | | |
| | | 28:16-29:13 | Relevance | The testimony is relevant because it shows Defendant Cummings's history of using excessive force against arrestees. | | |
| | | 36:23-40:2 | | | 40: 3-14 | 40:15-42:8 |
| | | 42:2-8 | | | | |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | 42:16-22 | | | | |
| | | 42:23-48:2 | | | | |
| | | 48:23-24 | | | | |
| | | 49:2-50:6 | | | | |
| | | 50:18-25 | | | | |
| | | 55:12-20 | | | | |
| | | 73:4-9 | | | | |
| | | 79:18-80:13 | | | 80:14-81:8 | 81:9-19 |
| | | 95:2-20 | | | 95:21-98:21 | |
| | | 96:24-25; 97:14-98:23; 99:24 | Duplicative of Counter-Designation | Plaintiff's designated testimony is not fully duplicative of Defendant's counter designation. | | |
| | | 102:7-107:2 | | | | |
| | | 108:2-23 | | | | |
| | | 110:19-24; 112:8-10 | | | | |
| | | 128:9-15 | | | | |
| | | 138:16-24 | | | 138:25 | |
| | | 139:15-140:4 | | | | |
| | | 143:18-144:23 | | | 144:24-145:24 | 146: 3-17 |
| | | 146:18-147:2 | | | | |
| | | 148:3-150:9 | Object to 148: 3-20 | The testimony is relevant because it shows Defendant | 150:10-19 | 150:20-151:8 |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | | | Cummings's understanding of the allegations made in the complaint. | | |
| | | 150:20-151:8 | | | | |
| | | 152:2-153:17 | | | | |
| | | 154:8-17 | Relevance | The testimony is relevant because it shows the history of similar excessive force complaints made against Defendant Cummings. | | |
| | | 157:9-160:18 | Relevance | The testimony is relevant because it shows Defendant Cummings's history of using similar excessive force tactics against arrestees and his prior untruthfulness in how he presented the facts of the encounter upon investigation. | | |
| | | 161:8-16 | Relevance | The testimony is relevant because it provides context for the severity of the prior use of excessive force by Defendant Cummings. | | |
| | | 167:2-11 | Relevance | This testimony is relevant because it shows Defendant Cummings has a history of making derogatory comments about the LGBT | | |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | | | community and is further relevant to the truthfulness of Defendant Cummings's denial of using similar derogatory language during his interactions with Ms. LeTray. | | |
| | | 175:18-19; 178:7-179:10 | Relevance | The testimony is relevant because it demonstrates Defendant Cummings's prior history of engaging in behaviors that grossly deviate from the standards of conduct for police officers. | | |
| Samuel White | 12/14/2021 | 5:11-17 | | | | |
| | | 13:2-6 | | | | |
| | | 16:11-18:18 | | | | |
| | | 21:12-18 | | | | |
| | | 22:18-24:25 | | | | |
| | | 25:10-26:15 | | | | |
| | | 30:21-31:7 | | | | |
| | | 41:16-42:3 | | | 42:4-12 | 42:13-17 |
| | | 44:8-13 | | | 44:2-7 | |
| | | 63:4-64:17 | | | 63:2-3 | |
| | | 68:14-69:8 | | | 68: 3-14 | |
| | | 69:21-25 | | | | |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
|  |  | 70:10-71:10 |  |  |  |  |
|  |  | 85:10-87:12 |  |  |  |  |
|  |  | 92:16-93:4 |  |  |  |  |
|  |  | 94:22-95:22 |  |  |  |  |
|  |  | 96:10-97:22 |  |  |  |  |
|  |  | 103:3-25 |  |  |  |  |
|  |  | 107:12-108:2 | Relevance | The testimony is relevant because it shows that at the time of the incident the Watertown Police Department did not have policies addressing the treatment of transgender individuals. This testimony is also relevant because it shows City of Watertown's continued indifference to the rights of transgender people. |  |  |
|  |  | 108:18-109:18 |  |  | 109:19-20 |  |
|  |  | 111:16-112:13 | Relevance | The testimony is relevant because shows Defendant White did not receive training that addresses the treatment of transgender people from the City of Watertown.  It is also relevant because it shows |  |  |

| Deponent | Date | Designation | Objections | Responses to Objections | Counter-Designations | Responses to Counter-Designations |
|---|---|---|---|---|---|---|
| | | | | what Defendant White would have changed about his actions on the night of the incident. | | |
| | | 112:14-116:10 | Relevance | The testimony is relevant because it shows Defendant White was involved in a prior excessive force claim with Defendant Cummings. | | |

Dated: June 10, 2024  Respectfully submitted,
New York, New York

| | |
|---|---|
| /s/ Jessica Perry | /s/ Joshua Cotter |
| Jessica Perry (702461) | Joshua Cotter (518217) |
| Robert Hodgson (518648) | Samuel C. Young (508916) |
| Veronica Salama (703812) | Attorneys for Plaintiff |
| Molly K. Biklen (515729) | LEGAL SERVICES OF |
| Attorneys for Plaintiff |    CENTRAL NEW YORK, INC. |
| NEW YORK CIVIL LIBERTIES UNION | 221 South Warren Street, 3rd Floor |
|    FOUNDATION | Syracuse, New York 13202 |
| 125 Broad Street, 19th Floor | Tel: (315) 703-6500 |
| New York, New York 10004 | Fax: (315) 703-6520 |
| Tel: (212) 607-3300 | E-mail: jcotter@lscny.org |
| Fax: (212) 607-3318 | |
| E-mail: jperry@nyclu.org | |