

New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004
212.607.3300
www.nyclu.org

Robert Hodgson
Assistant Legal Director
212.607.3317
rhodgson@nyclu.org

June 10, 2024

*Via ECF*

The Honorable Frederick J. Scullin, Jr.
Senior United States District Court Judge
United States District Court for the
Northern District of New York
100 S. Clinton St.
Syracuse, NY 13261

    Re:    Request for Permission to File Under Seal in
                 *DeAnna LeTray v. Jefferson County et al.*, Case No. 20-cv-01194

Dear Judge Scullin:

       We write pursuant to Northern District Rule 5.3 (Sealed Documents), Federal Rule of Evidence 412(c), and the Stipulation and Order for the Production and Exchange of Confidential Information ("Protective Order") in this case, ECF 51, to seek permission to file certain materials under seal. Counsel has also spoken with the clerk's office and with this Court's chambers to confirm the proper logistical procedure for submitting this request and related materials.

       **First,** Plaintiff DeAnna LeTray is submitting today a "Motion in Limine to Exclude Irrelevant and Prejudicial Sexual Evidence" pursuant to Federal Rule of Evidence 412, along with a memorandum, declaration, and an exhibit in support of her motion. For such a motion, Rule 412(c)(2) requires that, "[u]nless the court orders otherwise, the motion [and] related materials . . . must be and remain sealed." Because the rule *requires* sealing and does not permit Ms. LeTray to file any portion of her motion or supporting materials not under seal, she does not include additional justification here, but she notes that, as its title indicates, this motion concerns deeply personal details about her sexual history that she seeks to exclude from trial and that are thus subject to the strong protections of Rule 412. Pursuant to Local Rule 5.3, Ms. LeTray has sent an unredacted version of this motion and all supporting materials to the Court (electronically, at NYND_FJS_ECF_NOTICES@nynd.uscourts.gov) and to counsel for all parties, and she has filed on ECF a blank page marked "Proposed Sealed Motion in Limine to Exclude Irrelevant and Prejudicial Sexual Evidence," along with a proposed sealing order.

       **Second,** Ms. LeTray is also submitting an "Omnibus Motion in Limine" that includes six exhibits the parties exchanged in discovery and designated "CONFIDENTIAL" pursuant to the Protective Order in this case, ECF 51. Pursuant to that so-ordered stipulation, any party who seeks to file a "CONFIDENTIAL" document with the Court must move to file it under seal.

*See id.* at 7.

Furthermore, these exhibits are all appropriately filed under seal because they each contain material that Ms. LeTray seeks, through her motion in limine, to exclude from this trial as irrelevant, prejudicial, and inflammatory; because they are not central to this case and are subject to an argument that they are irrelevant, the presumption of public access "is low." *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (for "documents [that] play only a negligible role in the performance of Article III duties, the weight of the presumption is low," and for documents that will not be considered at trial and were merely "passed between the parties in discovery," they "lie entirely beyond the presumption's reach"); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (for "matters that come within a court's purview solely to insure their irrelevance," finding that "the weight of the presumption declines").

In addition, four of the six exhibits document state criminal violations or misdemeanors that are sealed under state law pursuant to N.Y. CPL §§ 160.55 and 160.57. One of the two remaining exhibits consists of a series of deeply personal domestic incident reports that do not involve any of the incidents at issue in this case; for such documents, "the privacy interests of those resisting disclosure" is very high. *Amodeo*, 71 F.3d at 1050-51. Particularly where, as here, publication would harm the "privacy interests of innocent third parties" that are the subject of these reports—specifically Ms. LeTray's family, including her children—sealing is particularly appropriate. *Id.* at 1051 (identifying "family affairs, illnesses, embarrassing conduct with no public ramifications" as quintessential examples of materials that "weigh heavily against access"). And the final report—describing a 2020 federal criminal violation that is also irrelevant to this case and reflects both "illnesses" and "embarrassing conduct with no public ramifications" or connection to this case—is similarly properly subject to sealing. *Id.*

For this motion as well, pursuant to Local Rule 5.3, Ms. LeTray has sent an unredacted version to the Court (electronically, at NYND_FJS_ECF_NOTICES@nynd.uscourts.gov) and to counsel for all parties, and she has filed on ECF the proposed sealed exhibits as blank pages with "Sealed Exhibit Number ___," along with a proposed sealing order.

Thank you for your consideration of this matter.

                                                    Respectfully submitted,

                                                    NEW YORK CIVIL LIBERTIES UNION FOUNDATION

                                                    */s/ Robert Hodgson*
                                                    Robert Hodgson

                                                    *Counsel for Plaintiff*